

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 14, 1949

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

> Opinion No. V-845
>
> Re: The legality of paying the
> 15% supplemental salary
> under H. B. 197, 51st Leg-
> islature, to University of
> Texas employees who had
> previously had a salary
> increase since Sept. 1,
> 1947.

Dear Sir:

Your letter requesting an opinion states:

"House Bill No. 197 as passed by the present Regular Session of the Fifty-First Legislature made a supplemental appropriation to increase the salaries of State officials and employees whose salaries are provided for in House Bill No. 246, Acts of the Regular Session of the Fiftieth Legislature for the period beginning with the effective date of the Act and ending August 31, 1949.

"The following questions have arisen as to the use of the moneys appropriated by House Bill No. 197, supra:

"a. Is the Comptroller legally authorized to issue a warrant in payment of a claim for a current salary where the Board of Regents of the University of Texas has since September 1, 1947 and prior to the enactment of House Bill No. 197 increased such salary and where the fifteen percent (15%) increase authorized under House Bill No. 197 plus the amount increased by the Board of Regents ex-

ceeds $37.50.  The $37.50 is the maximum a-
mount that any single salary may be increased
by House Bill No. 197 for any one month.

"b.  May the Board of Regents of the Uni-
versity of Texas use the moneys appropriated
by House Bill No. 197, supra, to increase a
salary that is paid out of local funds of the
University.

"c.  May the Board of Regents of the Uni-
versity of Texas use the moneys appropriated
by House Bill No. 197, supra, to create new
positions."

H. B. 197 provides in part as follows:

"Provided, however, that the supplement
herein provided for shall be based upon the
salary schedules in effect on September 1,
1947, at the various higher educational insti-
tutions covered by House Bill No. 246, and
that if salaries have been increased since that
date, regardless of the source or sources from
which such increase may have been provided,
the increase herein allowed and appropriated
for shall be limited to the difference between
the schedule herein provided and the increase
in effect subsequent to September 1, 1947."

Your first question involves the problem of de-
termining whether or not the above proviso places a lim-
itation on the amount individual salaries may be increased
by the Board of Regents of The University of Texas where
such increase is payable out of funds allowed and appro-
priated by H. B. 197.  Although the phraseology of this
proviso is not clear, we think that when the proviso is
given a literal interpretation as well as when it is con-
sidered in connection with other provisions in H. B. 197,
there is revealed an intention of the legislature not
thereby to limit individual salary increases but rather
to limit the aggregate amount authorized to be used by
the governing board of each institution to augment sal-
aries of all officials and employees eligible for an in-
crease under H. B. 197.

Thus construed, the above proviso has only the

following effect:   (1) it requires that the schedule of salaries in effect on September 1, 1947, at the institution be used in determining the supplement to be made available for the use of the institution (this supplement is an amount equal to 15% of all salaries and portions of all salaries up to and including $3,000); (2) it places a limit on the amount of this supplement authorized to be used by an institution where salaries have been increased since September 1, 1947.  The amount thus available to such institution for augmenting salaries is to be determined by taking the difference between the schedule provided in H. B. 197 (the supplement as above defined) and the aggregate increase in salaries made since September 1, 1947, regardless of the source or sources from which such increase may have been provided.  Under this proviso the total amount authorized to be used by an institution for augmenting salaries is decreased where salaries have been increased subsequent to September 1, 1947, and prior to the enactment of H. B. 197, but no limitation is placed on the amount any individual salary may be augmented by the governing board.

The paragraph following the above proviso states:

"It is the specific purpose of this Act to appropriate for the use of the several State higher educational institutions covered by said House Bill No. 246, for use in supplementing salaries and/or wages, the respective amounts equal to <u>fifteen per cent (15%) of all salaries and portions of all salaries up to and including Three Thousand Dollars</u> ($3,000) of the amounts appropriated for salaries in said House Bill No. 246. . . ."   (Emphasis added throughout.)

Here again the term "15%" is used in the sense of an aggregate amount and not as a limit on an individual salary.

Another section of H. B. 197 provides that "the amounts (are) to be made available to the institutions in lump sum and in the same manner and subject to the same general provisions covering salaries as contained in House Bill No. 246."  In H. B. 246 the salary

appropriations for educational institutions were also made
in lump sums and not itemized. One of the general pro-
visions of H. B. 246 provides:

> "The board of regents or directors with-
> in their discretion and with good reason may
> make such changes and substitutions within the
> totals for salaries as may be found necessary,
> and are authorized to transfer items or parts
> of items provided that the total sum to be paid
> for salaries out of this appropriation shall not
> exceed the total amount appropriated for sal-
> aries."

This provision gives to the Board of Regents of The Uni-
versity of Texas the authority to determine the salary
of each official and employee of the institution within
the limit of the total amount appropriated.  By providing
that the amounts made available by H. B. 197 are to be
"subject to the same general provisions covering sal-
aries as contained in House Bill No. 246," it appears
that the legislature intended that the Board of Regents
should likewise have authority to determine the amount
the salary of each official and employee is to be aug-
mented, the total supplement available to The University
of Texas by H. B. 197 being the only limit.  The fact
that the amount is made available in a lump sum and not
itemized lends support to this construction.

The following provision in H. B. 197 also sup-
ports this construction:

> "The governing board of the higher educa-
> tional institutions shall have full authority
> to use supplements herein appropriated to pro-
> vide as nearly as possible, and yet as equit-
> ably as possible, salary supplements up to, but
> not to exceed, fifteen per cent (15%) of all
> salaries and portions of all salaries up to
> and including Three Thousand Dollars ($3,000)
> for all positions covered in the first two
> paragraphs of this Section."

This provision does not place any limit on the amount
each individual's salary may be augmented.  Instead it
gives full authority to the governing board of the in-
stitution to provide equitable salary supplements which
shall total in the aggregate as nearly as possible, but
not exceed, 15% of "all salaries and portions of all

salaries" up to and including $3,000 for all positions covered by the Act.

There being no limitation in H. B. 197 on the amount each individual's salary may be augmented, but only a limitation on the aggregate amount available to each institution for use in supplementing salaries, it is our opinion that the Comptroller is legally authorized to issue a warrant in payment of a claim for a current salary where the Board of Regents of The University of Texas has increased such salary since September 1, 1947, and prior to the enactment of H. B. 197, even though the increase given under H. B. 197 plus the prior increase exceeds $37.50 per month.

The Board of Regents may use the moneys appropriated by H. B. 197 to increase a salary that is paid out of local funds of the University. H. B. 197 provides:

> "No increases shall be participated in by any of the State officials or employees on payrolls from funds other than State appropriations, wholly or in part, except that said increases may be paid ratably from State appropriated funds and the balance of said increases herein provided, if paid shall come from such funds other than State appropriations. . . ."

This exception applies only to State officials and employees whose salaries are payable in whole or in part "from funds other than State appropriations." Local funds of The University of Texas are "State appropriations" and thus do not come within the above exception, having been appropriated by Subsection (3) of H. B. 246, which provides in part:

> ". . . all proceeds . . . from the sale of materials, crops and supplies, from fees, and any and all other receipts shall become and are hereby appropriated as maintenance or contingent funds to be expended under the direction and with the approval of the governing board having jurisdiction. . . . Any balance remaining to the credit of any of said institutional local funds at said institutions or in the State Treasury, at the end of any fiscal year is hereby appropriated for the above mentioned purposes for the succeeding year."

There is no authority for the Board of Regents of The University of Texas to use the moneys appropriated by H. B. 197 to create new positions.  H. B. 197 states:

"It is the general purpose of this appropriation to increase the current salaries of State officials and State employees holding positions as of the effective date of this Act, and who may hold such positions between said effective date and August 31, 1949.
. . ."

It is evident from this provision that H. B. 197 was for the purpose of providing an increase in salary for only those State officials and employees satisfying the following conditions of employment: (1) they must be holding such position as of the effective date of the act, and (2) they must hold such position between said effective date and August 31, 1949.  A person holding a position created after the effective date of the act could not satisfy the first condition and thus would not be eligible for any increase  provided by this act.

## SUMMARY

The Comptroller is authorized to issue a warrant in payment of a claim for the current salary of an employee covered in H. B. 197 where the salary of such employee has been increased since September 1, 1947, and prior to H. B. 197, even though the increase given under H. B. 197 plus the prior increase exceeds $37.50 per month.  The Board of Regents of The University of Texas may use the moneys appropriated by H. B. 197 to increase a salary that is paid out of local funds of the University, but may not use these moneys to create new positions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By *Jesse P. Luton, Jr.*
Jesse P. Luton, Jr.
Assistant

JPL/lg